## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **REGINALD MIDDLEBROOKS,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:24-cv-00274-TES** |
| **SWIFT TRANSPORTATION,** | |
| *Defendant.* | |

## ORDER DENYING MOTION FOR LEAVE TO APPEAL
## *IN FORMA PAUPERIS* AS MOOT

Before the Court is Plaintiff Reginald Middlebrooks' Motion for Leave to Appeal *In Forma Pauperis* ("IFP") [Doc. 6]. On August 20, 2024, the Court entered an Order [Doc. 3] granting Plaintiff's Motion for Leave to Proceed IFP [Doc. 2] and dismissing Plaintiff's Complaint without prejudice for failure to exhaust administrative remedies. The Clerk of Court entered Judgment [Doc. 62] the same day. On December 4, 2024, Plaintiff filed this Motion, seeking leave to appeal that decision without prepayment of the filing fee. [Doc. 6].

Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Under § 1915(a)(1), district courts may "authorize . . . [an] appeal . . . without prepayment of fees or security therefore" if a party "submits an

affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit must "state the nature of the . . . appeal and affiant's belief that the person is entitled to redress." *Id.* Similarly, Rule 24(a) requires a party who desires to appeal IFP to "file a motion in the district court" and "attach an affidavit that: (A) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

However, "[a] party who was permitted to proceed [IFP] in the district-court action . . . may proceed on appeal [IFP] without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed [IFP]." *Id.*; Fed R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3).

Here, the Court permitted Plaintiff to proceed IFP. *See* [Doc. 3, p. 2]. And the Court has not found that Plaintiff's appeal is not "in good faith" or that he is "not otherwise entitled to proceed [IFP]." *See* Fed. R. App. P. 24(a)(3). Thus, Plaintiff may appeal IFP without the Court's permission, and this Motion is moot. *Id.*

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,'" the Eleventh Circuit has held that "the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

Accordingly, the Court **DENIES** Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* [Doc. 6] **as moot**.

**SO ORDERED**, this 11th day of December, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**